VORYS, SATER, SEYMOUR AND PEASE LLP
Hannah R. Green (SBN 340010)
3675 MacArthur Court, Suite 700
Newport Beach, California 92660
Telephone: (949) 526-7900
Facsimile: (949) 526-7901
Email: hrgreen@vorys.com

VORYS, SATER, SEYMOUR AND PEASE LLP
Robert A. Harris (OH-0059549)
*pro hac vice to be filed*
52 East Gay St.
Columbus, Ohio 43215
Telephone: (614) 464-8373
Facsimile: (614) 464-8373
Email: raharris@vorys.com
Attorneys for Defendant
BIG LOTS STORES – PNS, LLC

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| JUAN PEDRO CHAVEZ, an individual, | Case No. |
| Plaintiff, | Hon. |
| vs. | **DEFENDANT'S NOTICE OF REMOVAL** |
| BIG LOTS STORES – PNS, LLC, a California Corporation; and DOES 1 through 50, inclusive, | Complaint Filed: March 22, 2023 |
| Defendants. | |

PLEASE TAKE NOTICE that Defendant Big Lots Stores – PNS, LLC ("Defendant")[1] hereby removes the above-entitled action from the Superior Court of the State of California, County of San Bernardino to the United States District Court for the Central District of California, Eastern Division, pursuant to

---

[1] Big Lots Stores – PNS, LLC is erroneously named in this action. At no relevant time was Plaintiff employed by Big Lots Stores – PNS, LLC. Plaintiff's employer was AVDC, LLC. (*See Gebran v. Wells Fargo Bank, N.A.,* No. CV 16-07616 BRO (MRWx), 2016 U.S. Dist. LEXIS 179419, at *8-9 (C.D. Cal. Dec. 28, 2016) (finding the "'unnamed real party defendant in interest' may have authority to remove a state court action to federal court" and is not only entitled to do so, but is obliged to act promptly as the 30-day rule applies when on notice that the wrong company has been named).

1
DEFENDANT'S NOTICE OF REMOVAL
CASE NO.

28 U.S.C. §§ 1332(a), 1441, and 1446.

In support of this Notice of Removal, Defendant states the following:

## PROCEDURAL HISTORY

1. On May 8, 2023, Plaintiff Juan Pedro Chavez ("Plaintiff") filed a Complaint (the "Complaint") in the Superior Court of the State of California, County of San Bernardino, styled *JUAN PEDRO CHAVEZ, an Individual, vs. BIG LOTS – PNS, LLC, a California limited liability company; and DOES 1-50, inclusive*, (the "State Court Action"). A true and correct copy of the Complaint, including the Proof of Service, is attached hereto as Exhibit 1.

2. Defendant was personally served on May 15, 2023. A complete and accurate copy of the process served on Defendant is included as part of Exhibit 1.

3. To the best of Defendant's knowledge, no other proceedings related hereto have been heard in the San Bernardino Superior Court.

4. Pursuant to 28 U.S.C. § 1446(a), the attached Exhibit 1 constitutes all process, pleadings, and orders filed or served in the State Court Action.

5. As required by 28 U.S.C. § 1446(d), Defendant is filing in the Superior Court of San Bernardino, and serving upon Plaintiff through his counsel of record, a Notice to State Court and Adverse Party of Removal of Civil Action to Federal Court (with these removal papers attached). A true and correct copy of that Notice without its attachments is attached hereto as Exhibit 2.

## STATEMENT OF JURISDICTION

6. This Court has jurisdiction over this action based on diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(1).

### A. The Citizenship of the Parties

7. Upon information and belief, Plaintiff is, and at the time of the commencement of this action was, a resident and citizen of the State of California. Complaint at ¶ 1. For diversity purposes, a person's citizenship is

1  determined by the state in which he or she is domiciled. *Lew v. Moss*, 797 F.2d
2  747, 749 (9th Cir. 1986). "A person is 'domiciled' in a location where he or she
3  has established a 'fixed habitation or abode in a particular place, and [intends] to
4  remain there permanently or indefinitely.'" *Id.* at 749-750. Upon information
5  and belief, Plaintiff has established a fixed habitation in California, and intends
6  to remain in California indefinitely. Therefore, Plaintiff is, and was at the
7  institution of this civil action, a citizen of California.

8   8.   A limited liability company is a citizen of the state of citizenship of
9  each of its members. *NewGen LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir.
10 2016). The sole member of Big Lots Stores – PNS, LLC is Big Lots
11 Management, LLC, which is an Ohio limited liability company with its principal
12 place of business in Ohio. *See* Declaration of Monica Welt ("Welt Decl."),
13 attached hereto as Exhibit 3 at ¶¶ 2-3, 5; *see also* 28 U.S.C. § 1332(c) ("[A]
14 corporation shall be determined to be a citizen of any State by which it has been
15 incorporated and of the State where it has its principal place of business."]; *Hertz*
16 *Corp. v. Friend*, 130 S. Ct. 1181, 1192-93 (2010) (providing that a corporation's
17 principal place of business is "the place where a corporation's officers direct,
18 control, and coordinate the corporation's activities"). Therefore, Defendant Big
19 Lots Stores – PNS, LLC is a citizen of the State of Ohio.

20  9.   Because the named Defendant is a citizen of Ohio, and Plaintiff is a
21 citizen of California, complete diversity exists.[2]

22  10.  Plaintiff has named additional fictitious defendants ("Does 1 through
23 50") in his Complaint; however, "in determining whether a civil action is
24 removable under [28 U.S.C. § 1332(a)], the citizenship of defendants sued under
25 fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

---

[2] Even if Plaintiff had properly named AVDC, LLC in this action, complete diversity exists. The only member of AVDC, LLC's limited liability company is also Big Lots Management, LLC, an Ohio limited liability company with its principal place of business in Ohio. AVDC, LLC is thus a citizen of the State of Ohio. *See* Welt Decl. at ¶¶ 4-5.

### B. The Amount in Controversy

11. Defendant denies Plaintiff's claims of wrongdoing and requests for relief; however, based on the allegations on the face of the Complaint, the amount in controversy clearly exceeds the jurisdictional threshold of $75,000.

12. The Complaint does not specify a particular amount of damages. Where a complaint does not state the amount in controversy, the removing defendant must establish by a preponderance of the evidence ("more likely than not") that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). This burden is not "daunting" and does not obligate the removing defendant to "research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008). "The 'ultimate inquiry' is what amount is put 'in controversy' by the plaintiff's complaint, not what the defendant will actually owe." *Id.* (quoting *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

13. In determining whether it is more likely than not that the amount in controversy exceeds $75,000, a court can consider: (a) the allegations in the complaint, facts in the removed petition, and any summary judgment-type evidence that is submitted; (b) jury verdicts involving similar allegations and claims; (c) emotional distress damages; and (d) punitive damages. *See, e.g.*, *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 947 (9th Cir. 2001); *Perez v. Baxter Healthcare Corp.*, No. 2:12-cv-08075, 2012 U.S. Dist. LEXIS 160051, at *4-5 (C.D. Cal. Oct. 31, 2012). A district court may also make estimates of the amount in controversy. *Tiffany v. O'Reilly Automotive Stores, Inc.*, No. CIV. S-13-0926, 2013 U.S. Dist. LEXIS 130082, at *6 (E.D. Cal. Sept. 11, 2013).

14. In the Complaint, Plaintiff brings claims against Big Lots for: (1) wrongful termination in violation of Gov. Code Section 12940 et seq.;

(2) failure to accommodate in violation of Gov. Code. Section 12940 et seq. (FEHA); (3) failure to engage in the interactive process in violation of Gov. Code Section 12940 et seq. (FEHA); (4) retaliation in violation of California Gov. Code Section 12940 et seq. (FEHA); (5) failure to prevent in violation of Gov. Code section 12940 et seq. (FEHA); and (6) wrongful constructive termination in violation of public policy. Complaint at ¶¶ 17-67.

15.  The allegations in the Complaint purport to arise out of Plaintiff's employment with, and termination of employment from, Defendant. Essentially, Plaintiff alleges that he was subject to discrimination and retaliation, and was wrongfully terminated. *See* Complaint at ¶¶ 14-15. Thus, damages awards in employment discrimination cases are relevant here.

16.  Recent jury verdicts involving similar claims in both state and federal courts in California have easily exceeded the amount in controversy. See, e.g., *Greta L. Anderson v. American Airlines Inc.*, No. 3:05-cv-04292-SI, 2008 Jury Verdicts LEXIS 35822 (N.D. Cal. July 17, 2008) ($1,000,000 non-economic damages award to plaintiff alleging disability discrimination and retaliation under the FEHA and wrongful termination in violation of public policy); *see also Hurd v. Am. Income Life Ins.*, No. CV-13-05205 RSWL-MRW, 2013 U.S. Dist. LEXIS 147849, at *17 (C.D. Cal. Oct. 10, 2013) ("Punitive damages and emotional distress damages in disability discrimination cases can be 'substantial' even when lost wages fall short of the jurisdictional minimum."); *McCarthy v. R.J. Reynolds Tobacco Co.*, 2011 U.S. Dist. LEXIS 103823, at *1-2 (E.D. Cal. Sep. 13, 2011) (jury verdict awarding $800,000, including $500,000 in punitive damages, in discrimination and retaliation case); *Godinez v. Alta-Dena Certified Dairy, Ltd. Liab. Co.*, 714 F. App'x 759 (9th Cir. 2018) (affirming award of $544,505 in wrongful termination action).

17.  Plaintiff seeks economic damages for losses in earnings for these claims. *See* Complaint at ¶¶ 60-67, Prayer for Relief. At the time of his

1  termination, Plaintiff's hourly rate was $16.00 per hour. *See* Declaration of
2  Jennifer Unocic ("Unocic Decl."), attached hereto as Exhibit 4 at ¶ 2. Plaintiff
3  worked an average of 38.86 hours per week during his employment, and he
4  earned an average of $680.55 per week. *Id.* At the time of removal,
5  approximately 39.3 weeks have passed since Plaintiff was terminated from his
6  employment with Defendant. Accordingly, the back pay he seeks to recover
7  already amounts to $26,745.62 (39.3 x $680.55). If trial in this matter was
8  scheduled for mid-June 2024, Plaintiff's back pay damages alone would amount
9  to a sum of **$62,134.22**, calculated at $680.55 x 52 weeks between removal and
10 mid-June 2024 = $35,388.60 + $26,745.62. *See Garcia v. ACE Cash Express,*
11 *Inc.*, No. SACV 14-0285-DOC (RNBx), 2014 U.S. Dist. LEXIS 76351, at *10-
12 11 (C.D. Cal. May 30, 2014) (considering back wages between removal and trial
13 for amount in controversy). Moreover, given the court's current docket, it is
14 likely that the trial date would be later than June 2024, further increasing the
15 amount of back wages Plaintiff's claims would put in controversy.

16     18. Plaintiff also seeks non-economic damages. *See* Complaint ¶¶ 24,
17 33, 40, 49, 57, 66. When considering emotional distress damages for the amount
18 in controversy analysis, courts look to "damages awarded in similar cases in the
19 geographic area." *Amado v. U.S. Bancorp*, No. SACV 15-00871-JLS (DFMx),
20 2015 U.S. Dist. LEXIS 128730, at *5 (C.D. Cal. Sept. 24, 2015). Courts
21 throughout the Ninth Circuit have regularly held that emotional distress damages
22 in employment cases can be substantial, often alone exceeding $75,000. *See,*
23 *e.g., Greta L. Anderson v. American Airlines Inc.*, No. 3:05-cv-04292-SI, 2008
24 Jury Verdicts LEXIS 35822 (N.D. Cal. July 17, 2008) ($1,000,000 non-
25 economic damages award to plaintiff alleging disability discrimination and
26 retaliation under the FEHA and wrongful termination in violation of public
27 policy); *see also Hurd v. Am. Income Life Ins.*, No. CV-13-05205 RSWL-MRW,
28 2013 U.S. Dist. LEXIS 147849, at *17 (C.D. Cal. Oct. 10, 2013) ("Punitive

damages and emotional distress damages in disability discrimination cases can be 'substantial' even when lost wages fall short of the jurisdictional minimum.")

19. Plaintiff seeks punitive damages as well. *See* Complaint ¶¶ 25, 34, 41, 51, 59, 67, Prayer for Relief. It is "well established that punitive damages are part of the amount in controversy for a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). This Court has held that punitive damages in employment cases regularly exceed $200,000 and, in fact, such damages "may alone satisfy the amount in controversy." *Castle v. Lab. Corp. of Am.*, CV 17-02295-BRO (PLAx), 2017 U.S. Dist. LEXIS 73701, at *14-15 (C.D. Cal. May 15, 2017), *citing Ko v. Square Group, LLC*, Case No. BC 487739 (Sup. Ct. Cal. June 16, 2014) (disability discrimination case; $500,000 in punitive damages); *see also Stevens v. Von Companies, Inc.*, Case No. SC041162, 2006 WL 4543812 (Sup. Ct. Cal. Oct. 1, 2006) (sex discrimination case awarding $475,000 in punitive damages).

20. The amount of Plaintiff's alleged economic damages coupled with the amount of non-economic and punitive damages and attorneys' fees Plaintiff has the potential to claim, demonstrate that the amount in controversy for all of Plaintiff's causes of action is well in excess of $75,000. Defendant has therefore satisfied its burden of establishing by a preponderance of the evidence that the amount in controversy in this case meets the jurisdictional minimum.

### C. Diversity Jurisdiction Exists

21. Accordingly, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy threshold has been met and complete diversity of citizenship exists between Plaintiff and Defendant. This case meets all of the requirements for removal and is timely and properly removed by the filing of this Notice of Removal.

### PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

22. Pursuant to 28 U.S.C. § 1446(b), Defendant filed this removal within

30 days of its first receipt of a copy of the Complaint, Summons, and Civil Case Cover Sheet in the State Court Action. Defendant's statutory agents were served on May 15, 2023. *See* Exhibit 1.

23. Venue is proper in the Eastern Division of the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84(c)(2), 1391(b)(2), and 144. *See* Complaint ¶¶ 6-10.

24. The only named Defendant, Big Lots Stores – PNS, LLC, consents to this Removal as evidenced by the signature of its counsel below.[3]

25. By filing this Notice of Removal, Defendant does not waive any of its affirmative or other defenses, including but not limited to its right to move to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure.

26. Pursuant to Local Rule 7.1-1, a Notice of Interested Parties is being filed concurrently with this Notice of Removal of Civil Action to Federal Court.

**WHEREFORE**, Defendant respectfully requests that this matter be removed from the Superior Court of the State of California, for the County of San Bernardino, to the United States District Court for the Central District of California, Eastern Division, and that all proceedings hereafter in this matter take place in the United States District Court for the Central District of California, Eastern Division.

Dated:  June 13, 2023         VORYS, SATER, SEYMOUR AND PEASE LLP

By:  /s/ *Hannah R. Green*
       Hannah R. Green

Attorney for Defendant
BIG LOTS STORES – PNS LLC

---

[3] AVDC, LLC has not been properly joined to this action, and therefore its consent is not required. Nonetheless, Big Lots Stores – PNS, LLC consents to removal. Big Lots Stores – PNS, LLC reserves, and does not waive, all defenses and arguments related to its improper joinder as a Defendant in this Action.

# PROOF OF SERVICE

**STATE OF CALIFORNIA** )
) ss.
**COUNTY ORANGE** )

I am employed in the County of Orange, State of California; I am over the age of 18 and not a party to the within action; my business address is 4675 MacArthur Court, Suite 700, Newport Beach, California 92660.

On June 13, 2023, I served the foregoing document(s) described as:

**DEFENDANT'S NOTICE OF REMOVAL** on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

   **SEE ATTACHED LIST**

XX   (BY MAIL)  I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Newport Beach, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

_____   (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows.  I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

_____   (BY PERSONAL SERVICE)  I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

XX   (BY ELECTRONIC MAIL) I caused such document to be delivered via E-Mail to the offices of the addressees at the following E-Mail addresses: (see attached list).

_____   (BY FACSIMILE)  I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number: _____

   Executed June 13, 2023, at Newport Beach, CA.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
John M. Upton

**CERTIFICATE OF SERVICE**

# SERVICE LIST
*Juan Pedro Chavez v. Big Lots – PNS, LLC*, a California Corporation; and DOES 1 through 50, inclusive
*Case No.:*

Jared W. Beilke
Sadhana Ghimire
JML LAW APC
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
Email:  jared@jmllaw.com
Email:  sadhana@jmllaw.com

*Attorneys for Plaintiff*