# EXHIBIT "1"

| | |
|---|---|
| **JML LAW**<br>A PROFESSIONAL LAW CORPORATION<br>5855 TOPANGA CANYON BLVD., SUITE 300<br>WOODLAND HILLS, CALIFORNIA 91367<br>TEL: (818) 610-8800<br>FAX: (818) 610-3030 | FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br><br>MAR 2 2 2023<br><br>BY: Regine M. Mamuch, Deputy  |

JARED W. BEILKE, STATE BAR NO. 195698
jared@jmllaw.com
SADHANA GHIMIRE, STATE BAR NO. 332770
sadhana@jmllaw.com

Attorneys for Plaintiff
JUAN PEDRO CHAVEZ

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| JUAN PEDRO CHAVEZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BIG LOTS STORES – PNS, LLC, a California Corporation; and, DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: CiVSB 2307029<br><br>**COMPLAINT FOR:**<br>1. DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940 ET SEQ. (FEHA);<br>2. FAILURE TO ACCOMMODATE IN VIOLATION OF GOVERNMENT CODE § 12940 ET SEQ. (FEHA);<br>3. FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF GOVERNMENT CODE § 12940 ET SEQ. (FEHA);<br>4. RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940 ET SEQ. (FEHA);<br>5. FAILURE TO PREVENT IN VIOLATION OF GOVERNMENT CODE § 12940 ET SEQ. (FEHA); AND,<br>6. WRONGFUL CONSTRUCTIVE TERMINATION IN VIOLATION OF PUBLIC POLICY<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, JUAN PEDRO CHAVEZ, hereby brings his complaint against the above-named Defendants and states and alleges as follows:

///

## PARTIES

1. At all relevant times mentioned, the real party in interest, Plaintiff JUAN PEDRO CHAVEZ, was and is a resident of the State of California. At all relevant times, Plaintiff was a "person" within the meaning of California Government Code sections 12925, 12940, and any other applicable statutes. Plaintiff was also an "employee" within the meaning of California Government Code sections 12926, 12940, and any other applicable statutes.

2. At all relevant times, Defendant BIG LOTS STORES – PNS, LLC (hereafter "BIG LOTS") was and is a California corporation, operating in and under the laws of the State of California and conducting its business in Apple Valley, California. Plaintiff is informed, believes, and therefore alleges that BIG LOTS is headquartered at 18880 Navajo road, Apple Valley, CA 92307. BIG LOTS was operating a business located at 18880 Navajo road, Apple Valley, CA 92307 ("Location"), where real parties in interest and aggrieved persons worked. At all relevant times, BIG LOTS was and is an "employer" within the meaning of California Government Code sections 12926, 12940, 12951, and all other applicable statutes, and a "person" subject to Civil Code section 51.9.

3. The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 50 are unknown to Plaintiff who therefore sues these Defendants under such fictitious names. Plaintiff is informed, believes, and therefore alleges that each of the Defendants named as a Doe Defendants is legally responsible in some manner for the events referred to in this Complaint, is either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable, or otherwise, for the injuries and damages described below to Plaintiff. Plaintiff will seek leave of this Court to show the true names and capacities of these Doe Defendants when they have been ascertained.

4. Plaintiff is informed, believes, and therefore alleges that each Defendants acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all pertinent respects, and the acts of each Defendants are legally attributable to the other Defendants.

5. Unless otherwise specified, any reference to a Defendant or Defendants shall

refer to all Defendants, and each of them.

## JURISDICTION AND VENUE

6. The Court has jurisdiction in this matter pursuant to Code of Civil Procedure section 410.10 because the incident and/or damages occurred within the City of Apple Valley, County of San Bernardino, State of California.

7. Venue is proper in this Court pursuant to the provisions of Code of Civil Procedure sections 395 through 395.5, in that the incident occurred and Defendants' obligations and liability arose in the City of Apple Valley, County of San Bernardino, State of California.

8. The amount of damages sought by this Complaint exceeds the minimum jurisdictional limits of this Court.

## ALLEGATIONS

9. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in all preceding paragraphs as though fully set forth here.

10. On or around May 26, 2022, Plaintiff began working as a full-time laborer for Defendant's distribution center located in Apple Valley. Plaintiff's immediate supervisor was John (last name unknown).

11. At all relevant times, Plaintiff was capable of performing all her essential job functions with or without reasonable accommodation. Throughout her employment with Defendant, Plaintiff performed her job duties admirably.

12. On or around June 2022, John gave Plaintiff a crash course on using an electric pallet jack and gave Plaintiff permission to use the jack for work. Since then, Plaintiff would operate the electric pallet jack while working at the warehouse.

13. On or around August 17, 2022, Plaintiff was injured at work while using the electric pallet jack. The side conveyor belt cut into Plaintiff's leg, injuring him. Soon thereafter, the ambulance came for Plaintiff, and he was taken to the emergency room.

14. On or around August 22, 2022, Defendant held a meeting regarding the incident where Plaintiff was present. A worker's compensation claim was filed for Plaintiff. Plaintiff told his other supervisor, Frank (last name unknown), that Plaintiff was worried about losing his

job due to his disability, and asked Frank when Plaintiff could return to work. Frank told Plaintiff not to worry and that his job would be waiting for him soon after he was off his crutches and the stitches were cut. Plaintiff is informed, believes, and therefore alleges that Defendant understood that Plaintiff requested a reasonable accommodation for his disability.

15. A week later, on or around August 29, 2022, Defendant terminated Plaintiff's employment. Plaintiff was told over the telephone that Defendant decided to terminate his employment because he was not certified to use the electric jack pallet. However, Plaintiff is informed, believes, and therefore alleges that Defendant discriminated against him and terminated his employment because of his disability and/or medical condition, and in retaliation for requesting reasonable accommodation.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16. Plaintiff timely filed a complaint with the State of California, Department of Fair Employment and Housing ("DFEH"), on March 14, 2023. The DFEH issued Plaintiff a right to sue letter on or about the same day. Plaintiff has filed this Complaint timely, pursuant to the right to sue letter.

## FIRST CAUSE OF ACTION

### Discrimination

### In Violation of Government Code § 12940, et seq., FEHA

### (Against All Defendants)

17. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth here.

18. At all times herein mentioned, Government Code section 12940 et seq., the Fair Employment and Housing Act ("FEHA"), was in full force and effect and was binding on Defendant, as Defendant regularly employed five (5) or more persons.

19. The FEHA requires Defendants to refrain from discriminating against any employee on the basis of disability and/or medical condition. Cal. Gov't Code § 12940. The FEHA includes protection from discrimination for actual or perceived impairment that is disabling, potentially disabling, or perceived to be disabling. The FEHA requires Defendants to

refrain from discriminating against any employee on the basis of, among other things, an individual's disability, whether physical or mental.

20. Plaintiff' had a qualifying disability under the FEHA. Plaintiff's physical disability affected Plaintiff's musculoskeletal system and limited Plaintiff's ability to participate in major life activity, namely, work. Plaintiff's physical disability also limited other major life activities, including but not limited to physical, mental, and social activities.

21. Defendant engaged in unlawful employment practices in violation of the FEHA by discriminating against Plaintiff on the basis of Plaintiff's disability and/or perceived disability. Defendant engaged in unlawful employment practices in violation of the FEHA by terminating Plaintiff on the basis of Plaintiff's actual and/or perceived disability and need for accommodation.

22. Plaintiff is informed, believes, and therefore alleges that Plaintiff's disability, need for, and/or request for an accommodation was a substantial motivating factor in Defendant's decision to terminate Plaintiff's employment, and other discrimination against Plaintiff, in violation of the FEHA.

23. As a direct and/or proximate result of Defendant's acts, Plaintiff has suffered actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code sections 3287 and/or 3288, and/or any other provision of law providing for prejudgment interest.

24. As a direct and/or proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish, and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed, believes, and therefore alleges that Plaintiff will continue to experience physical and emotional suffering for a period in the future not presently ascertainable, in an amount subject to proof at the time of trial.

25. Plaintiff is informed, believes, and therefore alleges that Defendant had in place

policies and procedures that specifically required Defendant's managers, officers, and agents to prevent discrimination against and upon Defendant's employees. Plaintiff relied on the fact that Defendant would follow these known policies, yet Defendant consciously chose not to follow said policies. Therefore, Defendant's conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

26. As a direct and/or proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute Plaintiff's claims and has incurred, and is expected to continue to incur, attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code section 12965, subdivision (b).

## SECOND CAUSE OF ACTION

**Failure to Accommodate**

**In Violation of Government Code § 12940, et seq., FEHA**

**(Against All Defendants)**

27. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth here.

28. Defendant is a business entity regularly employing at least the minimum number of employees upon which certain legal duties and obligations arise under various laws and statutes, including the FEHA.

29. Plaintiff's disabilities limited Plaintiff's ability to engage in the major life activity of working.

30. Although Defendant knew of Plaintiff's disabilities, Defendant refused to accommodate Plaintiff and instead terminated Plaintiff because of Plaintiff's request for

reasonable accommodation. Defendant's actions were in direct contravention of the FEHA.

31. Plaintiff alleges that with reasonable accommodations Plaintiff could have fully performed all duties and essential functions of the job in an adequate, satisfactory, and/or outstanding manner.

32. As a direct and/or proximate result of Defendant's acts, Plaintiff has suffered actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code section 3287 and/or 3288, and/or any other provision of law providing for prejudgment interest.

33. As a direct and/or proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish, and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed, believes, and therefore alleges that Plaintiff will continue to experience physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

34. Plaintiff is informed, believes, and therefore alleges that Defendant had in place policies and procedures that specifically required Defendant's managers, officers, and agents to reasonably accommodate the disabilities of its employees. Plaintiff relied on the fact that Defendant would follow these known policies, yet Defendant consciously chose not to follow said policies. Therefore, Defendant's conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties each Defendant owed to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged. Plaintiff should therefore be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

35. As a direct and/or proximate result of Defendant's wrongful acts, Plaintiff has been forced to hire attorneys to prosecute Plaintiff's claims and has incurred, and is expected to

continue to incur, attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code section 12965(b).

### THIRD CAUSE OF ACTION

### Failure to Engage in the Interactive Process

### In Violation of Government Code § 12940, et seq., FEHA

### (Against All Defendants)

36. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in all preceding paragraphs as though fully set forth here.

37. The FEHA makes it unlawful for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any.

38. Defendant failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations for Plaintiff's known disability.

39. As a direct and/or proximate result of Defendant's acts, Plaintiff has suffered actual, consequential, and incidental financial losses, including without limitation loss of salary and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code section 3287 and/or 3288, and/or any other provision of law providing for prejudgment interest.

40. As a direct and/or proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish, and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed, believes, and therefore alleges that Plaintiff will continue to experience physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

41. Plaintiff is informed, believes, and therefore alleges that Defendant had in place policies and procedures that specifically required Defendant's managers, officers, and agents to engage in an interactive process with its employees. Plaintiff relied on the fact that Defendant

would follow these known policies, yet Defendant consciously chose not to follow said policies. Therefore, Defendant's conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties each Defendant owed Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should therefore be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

42. As a proximate result of Defendant's wrongful acts, Plaintiff has been forced to hire attorneys to prosecute Plaintiff's claims and has incurred, and is expected to continue to incur, attorneys' fees and costs. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code section 12965(b).

## FOURTH CAUSE OF ACTION

### Retaliation

### In Violation of Government Code § 12940, et seq., FEHA

### (Against All Defendants)

43. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth here.

44. At all relevant times mentioned, Government Code sections 12940 et seq. were in full force and effect and were binding on Defendant, as Defendant regularly employed five (5) or more persons. Government Code section 12940(h) makes it unlawful for any person to retaliate against an employee who has opposed a discriminatory practice.

45. At all relevant times mentioned, Government Code section 12940(l) makes it unlawful for any person to retaliate against an employee who has reported discrimination and harassment and requested accommodation, regardless of whether the request was granted.

46. Plaintiff engaged in a protected activity by requesting accommodation for Plaintiff's disability.

47. Plaintiff suffered an adverse employment action, including but not limited to, wrongful termination. A substantial motivating factor in Defendant's negative/adverse

employment actions imposed on Plaintiff was Plaintiff's request for accommodation. Therefore, Defendant's conduct constituted unlawful retaliation on account of Plaintiff's disability and request for accommodation in violation of Government Code section 12940(h) and 12940(l).

48. As a direct and/or proximate result of Defendant's acts, Plaintiff has suffered actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment-related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code section 3287 and/or 3288, and/or any other provision of law providing for prejudgment interest.

49. As a direct and/or proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed, believes, and therefore alleges that Plaintiff will continue to experience physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

50. As a direct and/or proximate result of Defendant's wrongful acts, Plaintiff has been forced to hire attorneys to prosecute Plaintiff's claims and has incurred, and is expected to continue to incur, attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Government Code section 12965(b).

51. Plaintiff is informed, believes, and therefore alleges that Defendant had in place policies and procedures that specifically required Defendant's managers, officers, and agents to prevent discrimination against and upon Defendant's employees. Plaintiff relied on the fact that Defendant would follow these known policies, yet Defendant consciously chose not to follow said policies. Therefore, Defendant's conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established

that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## FIFTH CAUSE OF ACTION

### Failure to Prevent Discrimination

### In Violation of Government Code § 12940, et seq., FEHA

### (Against All Defendants)

52. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth here.

53. At all times mentioned herein, Government Code section 12940 et seq. including but not limited to sections 12940(j) and 12940(k), was in full force and effect and was binding upon Defendants, and each of them. These sections impose a duty on an employer to take immediate and appropriate corrective action to end discrimination and take all reasonable steps necessary to prevent discrimination from occurring, among other things.

54. Defendant failed to take immediate and appropriate corrective action to end discrimination. Defendant also failed to take all reasonable steps necessary to prevent discrimination.

55. In failing and/or refusing to take immediate and appropriate corrective action to end the discrimination, and in failing and/or refusing to take and or all reasonable steps necessary to prevent discrimination from occurring, Defendant violated Government Code section 12940(j) and 12940(k), causing Plaintiff to suffer damages.

56. As a direct and/or proximate result of Defendant's acts, Plaintiff has suffered actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code section 3287 and/or section 3288, and/or any other provision of law providing for prejudgment interest.

57. As a direct and/or proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish, and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed,

believes, and therefore alleges that Plaintiff will continue to experience physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

58. As a direct and/or proximate result of Defendant's wrongful acts, Plaintiff has been forced to hire attorneys to prosecute Plaintiff's claims and has incurred, and is expected to continue to incur, attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Government Code section 12965(b).

59. Plaintiff is informed, believes, and therefore alleges that Defendant had in place policies and procedures that specifically required Defendant's managers, officers, and agents to prevent discrimination against and upon employees of Defendant. Plaintiff relied on the fact that Defendant would follow these known policies, yet Defendant consciously chose not to follow said policies. Therefore, the Defendant's conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties each Defendants owed to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## SIXTH CAUSE OF ACTION

**Wrongful Constructive Termination in Violation of Public Policy**

**(Against All Defendants)**

60. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth here.

61. At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code section 12940 et seq., is to prohibit employers from discriminating, harassing, and retaliating against any individual on the basis of disability, and/or engagement in a protected activity. This public policy of the State of California is designed to protect all employees and to promote the welfare and wellbeing of the community at large.

62. California Government Code § 12920 states: "It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status. It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general."

63. California Government Code § 12921(a) states: "The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status is hereby recognized as and declared to be a civil right."

64. Accordingly, Defendant's actions were wrongful and in contravention of the express public policies of the State of California, specifically, the policies set forth in California and the laws and regulations promulgated thereunder.

65. As a direct and/or proximate result of Defendant's acts, Plaintiff has suffered actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code sections 3287 and/or 3288, and/or any other provision of law providing for prejudgment interest.

66. As a direct and/or proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish, and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed, believes, and therefore alleges that Plaintiff will continue to experience physical and emotional

suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

67. Plaintiff is informed, believes, and therefore alleges that Defendant had in place policies and procedures that specifically required Defendant's managers, officers, and agents to prevent the termination of its employees based on the protected classes identified in the FEHA. Plaintiff relied on the fact that Defendant would follow these known policies, yet Defendant consciously chose not to follow said policies. Therefore, Defendant's conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties each Defendant owed to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should therefore be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendants and deter others from engaging in such conduct.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1. For general damages, according to proof;
2. For special damages, according to proof;
3. For attorneys' fees, according to proof;
4. For prejudgment and post judgment interest, according to proof;
5. For punitive and exemplary damages, according to proof;
6. For costs of suit incurred herein; and
7. For such other relief and the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

///
///
///

DATED: March 21, 2023             JML LAW, A Professional Law Corporation

By: /s/ _____

JARED W. BEILKE
SADHANA GHIMIRE
Attorneys for Plaintiff